## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JESTICA LANGFORD, ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:18-cv-2037-CAS |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| THE CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT THE CITY OF ST. LOUIS

COMES NOW Defendant, The City of St. Louis ("City"), by and through its attorney Julian Bush, City Counselor for the City of St. Louis, and for City's Answer states as follows:

Admissions and Denials

1. Admits that plaintiff was arrested, transported, booked, and detained on January 21, 2017 for violating section 17.16.275 of the Revised Code of the City of St. Louis, which penalizes intentional impeding and interfering with pedestrian and vehicular traffic, and for failure to obey the reasonable order of a police officer; that the arrest took place while plaintiff was marching with others during a protest called the Women's March; that this ordinance does not distinguish between expressive conduct and other conduct on streets and sidewalks; asserts that there are other ordinances that do make distinctions with regard to such activities; and denies any remaining allegations in paragraph 1 of Plaintiffs' Complaint.

2. Admits the allegation in paragraph 2 of Plaintiffs' Complaint that plaintiff seeks what she says that she seeks on the grounds set forth.

1

3. It lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. Admits the allegations in paragraph four.

5. Admits that plaintiff has brought her claim pursuant to section 42 U.S.C §1983 and denies the remaining allegations in paragraph 5.

6. Admits the allegation of paragraph 6.

7. Admits the allegation of paragraph 7.

8. Admits the allegation of paragraph 8.

9. Admits the allegation of paragraph 9.

10. Admits the allegation of paragraph 10.

11. Admits the allegation of paragraph 11.

12. Admits the allegation of paragraph 12

13. Admits the allegation of paragraph 13.

14. Admits the allegation of paragraph 14.

15. Admits that the sections of the ordinance identified do not by their terms contain a *mens rea* requirement, but denies any other allegation of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Admits the allegation of paragraph 17 that subsection D of the ordinance specifically includes the ascribed *mens rea* requirement regarding an individual's purpose, but denies any other allegation of paragraph 17.

18. Admits the allegation in paragraph 18 that, shortly after the inauguration of President Trump, millions of people participated in women's marches throughout the world.

19. Admits the allegation in paragraph 19 that on January 21, 2017, thousands of persons participated in a peaceful march that began at Union station, proceeded to a rally at Luther Ely Smith Square, and returned to the proximity of Union Station.

20. Admits that no permit to march or protest was issued to Women's March participants, admits that section 17.16.030 of the Revised Code of the City of St. Louis forbids processions of 24 or more persons from marching on a public street without a permit to do so issued by the City's Department of Streets, admits that it does not issue permits for "protests" as such, but requires permits for all marches or "protests" that intend to use streets rather than sidewalks, and admits that no permit was applied for or issued for the Women's March. The City denies any remaining allegations in paragraph 20 of Plaintiffs' Complaint.

21. Admits the allegation in paragraph 21.

22. Admits the allegation of paragraph 22.

23. Admits the allegations of paragraph 23.

24. Admits the allegation in paragraph 24.

25. Admits the allegation in paragraph 25 that Market Street had been closed to vehicular traffic for a time, but asserts that at the time that plaintiff was arrested the street was being reopened to vehicular traffic and that plaintiff's conduct was impeding the reopening of Market Street.

26. Admits the allegation in paragraph 26.

27. Admits that plaintiff refused to move to the sidewalk, admits that all other marchers did so, and denies the remaining allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Admits that Scott Boyher of the Division of Police of the City St. Louis made the arrest described and on the grounds described, and denies any remaining averments of paragraph 29.

30. Admits the allegations of paragraph 30.

31. Admits that an information was filed charging plaintiff with the offenses for which she was arrested, and that the charges were dismissed when no officer appeared at trial.

32. It lacks knowledge and information sufficient to form a belief as to the truth of the allegation made in paragraph 32.

33. Denies the allegations of paragraph 33.

34. The City incorporates by reference the responses in the foregoing paragraphs of this answer.

35. Admits that expressing disapproval of a president and support for the rights of women is constitutionally protected activity but denies that marching as a group on public streets and sidewalks in violation of reasonable time, place and manner regulations is categorically protected.

36. Denies the allegations of paragraph 36.

37. Denies the allegation of paragraph 37.

38. Denies the allegations of  paragraph 38.

39. Denies the allegation of paragraph 39.

40. Denies the allegation of paragraph 40.

41. Denies the allegation of paragraph 41.

42. Denies the allegations in paragraph 42 that the City does not issue permits or maintain a process to protest on streets and that sidewalk and street protests are foreclosed.

43. City denies the allegation in paragraph 43 that the ordinance applies to any protest or expressive activity that occurs in the places listed: it applies only where such protests and activities obstruct, interfere, hinder, and delay reasonable movement of traffic.

44. Denies the allegation of paragraph 44.

45. Denies the allegations of paragraph 45.

46. Denies the allegation of paragraph 46.

47. Denies the allegation of paragraph 47.

48. The City incorporates by reference its responses to the foregoing paragraphs of this answer.

49. Admits the allegations of paragraph 49.

50. Admits that the void-for-vagueness doctrine imposes certain standards on legislation regarding fair notice and the risk of arbitrary or discriminatory enforcement, but denies that the doctrine is applied in the same manner to all legislation regardless of whether the context is exercise of First Amendment rights or general liberty issues.

51. Admits that the void-for-vagueness doctrine requires some precision in criminal laws and that among the reasons for the doctrine is protection against capricious law enforcement, but denies that paragraph 51 explicates the full import of the doctrine.

52. Denies allegation of paragraph 52.

53. Denies the allegation of paragraph 53.

54. Admits that the ordinance does not prescribe a specific mental state in so many words, but denies that proper construction of the ordinance in light of state law would necessarily preclude a conclusion that no mental state is required for conviction of a violation of the ordinance.

5

55. Admit that a single person could be guilty of a violation of the ordinance by conducting himself in violation of its terms, but denies that this would necessarily be regardless of intent.

56. Denies the allegations of paragraph 56.

57. Admits the allegation in paragraph 57 that the ordinance may be enforced arbitrarily, discriminatorily, and harshly, just as can any other law that penalizes conduct, and denies any remaining allegation.

58. Admits that the ordinance applies to all persons, but denies that subsections A,B, and C apply when traffic is not being obstructed, impeded, interfered with, hindered or delayed.

59. It lacks knowledge and information sufficient to form a belief as to the truth of the allegation in paragraph 59 that the ordinance is violated daily, but admits that individual police officers exercise discretion when choosing to cite or arrest a person on probable cause for violating the ordinance.

60. Admits that the activities described in paragraph 60 may constitute activities prohibited by the ordinance, denies that such conduct always is proscribed by the ordinance, and admits that the City has not enforced the Ordinance against people taking such actions under legally appropriate circumstances.

61. Denies the allegations of paragraph 61.

## OTHER DEFENSES

62. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

63. Plaintiff lacks standing to sue because the ordinance, valid on its face, was constitutionally applied to her at the time of her arrest in that she intentionally violated the

ordinance and refused repeated requests of officers to remove herself from the street to the sidewalk, which requests were reasonable and specific.

64.     The Court should abstain from exercising its jurisdiction in this action, in that the ordinance in question is susceptible, if necessary, to a narrowing construction and prosecutions under that ordinance are pending at this time, such that exercise of jurisdiction of this Court in this cause will needlessly interfere with state jurisdiction to enforce the laws of the state.

WHEREFORE, having fully answered Plaintiff's Complaint, the City denies Plaintiff is entitled to any relief or damages requested therein and respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ ROBERT H. DIERKER, JR.
Robert H. Dierker, Jr. #23671MO
Associate City Counselor
dierkerr@stlouis-mo.gov
Attorney for Defendant City of St. Louis
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 31, 2018, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/Robert H. Dierker
